## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

**ROGER JONES, on his own behalf and on behalf of all others similarly situated,**

                           Plaintiff,

vs.

**BROSNAN RISK CONSULTANTS, LTD.,**
Serve:
Registered Agent Solutions, Inc.,
3225 – A Emerald Lane
Jefferson City, MO 65109

Case No. 6:20-CV-03143-SRB

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

**COMES NOW**, Plaintiff, through counsel, Douglas, Haun & Heidemann, P.C. and brings this collective action pursuant to 29 U.S.C. 216(b) for violation of the Fair Labor Standards Act of 1938 ("FLSA") against Defendant Brosnan Risk Consultants, LTD. and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this collective action against Brosnan Risk Consultants, LTD. ("Brosnan") for injunctive relief, unpaid overtime, liquidated damages, attorney fees, and costs.

2. Defendant failed to timely pay Plaintiff and the other employees on their Scheduled Payday for work performed during the pay period in excess of the applicable overtime thresholds.

### JURSIDICTION AND VENUE

3. Plaintiff's claims are brought pursuant to this Court's original jurisdiction over all cases and matters, such jurisdiction granted by Mo. Rev. Stat. § 478.070.

4. Venue is proper under Mo. Rev. Stat. § 508.010 in that the actions and occurrences described herein occurred in Greene County, Missouri.

## PARTIES

5. Plaintiff is an individual domiciled in the State of Missouri.

6. Defendant Brosnan Risk Consultants, LTD., is a business organized under the laws of the State of New York and is authorized to do business in Missouri. Defendant can be served via its registered agent Registered Agent Solutions, Inc., 3225 – A Emerald Lane, Jefferson City, MO 65109.

7. Defendant provides security services for the Walmart locations in Greene County, Missouri and at other businesses and regions in Missouri and across the Country.

8. Plaintiff worked as a Security Officer for Defendant in Greene County, Missouri, beginning on or about September 23, 2018.

9. At all times pertinent to this Complaint, Defendant was an employer engaged in interstate commerce.

10. At all times pertinent to this Complaint, Defendant has employed employees, including Plaintiff and the putative collective action plaintiffs, at its job sites across the nation.

11. Defendant represents that it is "a national security provider."

12. At all times pertinent to this Complaint, Defendant has had gross operating revenues in excess of $500,000.00.

## FACTS COMMON TO ALL COUNTS

13. At all times pertinent to this complaint, Plaintiff was employed by Brosnan as a Security Officer.

14. Plaintiff and the other Security Officers were tasked with essentially the same job of providing security services for businesses such as Walmart.

15. Plaintiff and the other Security Officers were non-exempt hourly employees under the FLSA in that:

   a. their primary job duties did not involve the management of Brosnan's enterprise;
   b. they did not regularly direct the work of two or more Brosnan employees;
   c. they did not have authority to hire and fire Brosnan employees;
   d. they did not customarily and regularly exercise discretionary power; and
   e. they were paid on an hourly basis rather than a salary basis.

16. Plaintiff and the other security officers were to be paid regular wages for each hour worked under 40 hours per work week and then time and a half for each hour worked over 40 hours in a given work week.

17. At all times during his employment with Defendant, Plaintiff and all other Security Officers were similarly situated in that they all performed essentially the same job functions and were all subject to Brosnan's policy of failing to timely pay Plaintiff and the other Security Officers on their Scheduled Payday for work performed during the workweek in excess of the applicable overtime thresholds.

18. When Plaintiff began his employment, the regional supervisor would report the time worked for each Security Officer to the payroll department, which would issue checks on a bi-weekly basis.

19. Defendants' company-wide Employee Handbook states that "nonexempt employees are required to accurately record all hours worked on the Company EHub Portal."

20. However, during Plaintiff's and class members' employment, the "Company EHub Portal" was not functional.

21. As a result, regional supervisors reported nonexempt Security Officers' hours worked, including overtime, to the Company payroll department.

22. It was the regional supervisor's responsibility to accurately report the hours worked for each Security Officer.

23. Plaintiff's regional supervisor advised Plaintiff and other Security Officers that Defendant repeatedly advised him not to allow Security Officers to report overtime hours.

24. Because regional supervisors were responsible for reporting overtime worked by Security Officers, this directive was essentially an instruction to all regional supervisors not to report overtime worked by Security Officers.

25. On information and belief, Defendant's regional supervisors across the country did not report nonexempt Security Officers' overtime to payroll, per Brosnan's instructions.

26. As a result, Brosnan has a company-wide policy of not timely paying Security Officers on their Scheduled Payday for work performed during the immediately preceding pay period in excess of the applicable overtime thresholds.

27. Whenever a Security Officer works overtime for Defendant, Brosnan typically will not pay overtime due the Security Officer unless after seeing the overtime has not been paid on the Scheduled Payday for overtime work performed during that workweek the Security Officer reports the failure to pay overtime and demands payment for the overtime.

28. Because of this practice, Security Officers do not receive timely payment on their Scheduled Payday for the overtime work performed during the preceding pay period as required by the FLSA.

Page **4** of **9**

Case 6:20-cv-03143-SRB   Document 13   Filed 06/12/20   Page 4 of 9

29. Instead, the Security Officers do not receive their overtime pay on time, if at all.

30. Defendant's company-wide employee handbook instructs Security Officers to report payroll issues to "the Human Resources Department" which, on information and belief, is located in New York.

31. Overtime compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends.

32. Because Defendant routinely fails to timely pay overtime wages in accordance with this rule, Defendant is considered to have not paid the earned overtime wages at all regardless of whether the Security Officers are eventually compensated for their work.

33. Brosnan creates an environment that causes its Security Officers to fear reporting the pay discrepancies by threatening to terminate Security Officers who assert their rights under the FLSA.

34. This causes some Security Officers to not receive their overtime pay at all where they are concerned reporting the payment failures of Defendant will put their job at risk of termination.

## FACTS SPECIFIC TO PLAINTIFF ROGER JONES

35. Plaintiff began his employment with Brosnan as a Security Officer on September 23, 2018.

36. During the pay period ending on October 21, 2018 Plaintiff worked overtime.

37. Defendant failed to timely pay Plaintiff for overtime worked during the pay period on his Scheduled Payday, October 26, 2018.

38. During the pay period ending on November 17, 2019, Plaintiff worked overtime.

39. Defendant failed to timely pay Plaintiff for the overtime he worked during the workweek on his Scheduled Payday, November 22, 2019.

40. As a direct result, Plaintiff suffered damages in the form of late payment of overtime wages earned during the workweek.

## COLLECTIVE ACTION CERTIFICATION

41. Defendant routinely failed to pay Plaintiff and many other similarly situated, non-exempt employees overtime wages on their Scheduled Payday.

42. The amount of unpaid overtime and liquidated damages due Plaintiff and other similarly situated employees can be computed for all such employees using the same methodologies and Defendant's payroll records and employee data.

43. On information and belief, Defendant employs thousands of similarly situated Security Officers across the Country who have suffered similar violations of the FLSA for Defendant's failure to timely pay overtime to its Security Officers.

44. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all nonexempt Security Officers employed by Defendant as putative plaintiff employees within three years from the commencement of this action who were not paid overtime compensation according to the FLSA.

45. Plaintiff also brings this action on behalf of all other legal representatives, heirs, or beneficiaries ("Representative Claimants"), and any other persons asserting the right to sue defendants independently or derivatively by reason of their personal relationship with a Security Officer who has been the object of Defendant's violation of the FLSA, including without limitation, spouses, parents, children, dependents, relatives and/or intestate beneficiaries, or "significant others," ("Derivative Claimants").

46. This action is brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff because his claim is similar to the claims of the putative plaintiff employees.

47. The names and addresses of the putative plaintiff employees are available from Defendant. To the extent required by law, notice will be provided to the putative plaintiff employees via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in collective actions.

48. At all times relevant to this complaint, Defendant has been and is an employer engaged in commerce as those terms are defined in 29 U.S.C. § 203(b) and (d).

49. Defendant employed Plaintiff and putative plaintiff employees as nonexempt Security Officers at its job locations nationwide.

50. At all times relevant to this complaint, Plaintiff and putative plaintiff employees were Defendant's employees as that term is defined in 29 U.S.C. § 203(e)(1).

51. Defendant compensated Plaintiff and putative plaintiff employees on an hourly basis.

52. Defendant regularly failed to pay Plaintiff and putative plaintiff employees overtime compensation as required by the FLSA, specifically 29 U.S.C. § 207.

53. Defendant's failure to pay Plaintiff and putative plaintiff employees overtime compensation as required by the FLSA constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff and putative plaintiff employees for the amount of their unpaid overtime wages and for an additional equal amount as liquidated damages.

55. Pursuant to 29 U.S.C. § 216(b), Defendant is also liable for Plaintiff's and putative plaintiff employees' reasonable attorney fees and costs of this action.

56. Plaintiff's written consent to participate in this action is attached as Exhibit 1.

## **COUNT I – FAILURE TO PAY OVERTIME AS REQUIRED BY THE FLSA**

57. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

58. Defendant failed to timely pay overtime to Plaintiff and other similarly situated Security Officers who worked in excess of the applicable threshold for overtime pay on their Scheduled Payday following the workweek during which such overtime was worked.

59. Defendant violated the FLSA by failing to pay overtime pay on the Scheduled Payday for such employees who worked in excess of the applicable threshold for overtime pay during the workweeks preceding the Scheduled Payday.

60. Defendant's violation was willful, and in conscious or reckless disregard of the requirements of the FLSA.

61. As a result, Plaintiff and all other similarly situated Security Officers suffered injuries, including monetary damages, and are entitled to liquidated damages.

WHEREFORE, Plaintiff, individually and on behalf of all putative plaintiff employees, respectfully requests the following relief:

- Certification of this action as a collective action on behalf of the putative plaintiff employees and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative plaintiff employees apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. § 216(b);

- Designating Plaintiff as class representative for FLSA claims against Defendant;

- Declaratory judgment that Defendant's compensation policies and practices as described in this complaint are unlawful under the FLSA;

- An injunction against Defendant, its officers, agents, successor, employees, and representatives from engaging in the unlawful compensation policies and practices described in this complaint;

- An award of damages for unpaid overtime wages due to Plaintiff and the putative plaintiff employees, including liquidated damages, to be paid by Defendant

- Pre-judgment and post-judgment interest as provided by law; and

- Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**

901 E. St. Louis St., Suite 1200
Springfield, MO 65806
Telephone: (417) 326-5261
Facsimile: (417) 326-2845
nick@dhhlawfirm.com


By /s/ NICKOLAS W. ALLEN
    Nickolas W. Allen
    Missouri Bar No. 69582
    Attorney for Plaintiff

DHH No. 27150-001