IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ROGER JONES, on his own behalf and )
on behalf of all others similarly situated, )
                                                      )
               Plaintiff, )
                                                      )    Case No.: 20-cv-03143-SRB
v. )
                                                       )
BROSNAN RISK CONSULTANTS, LTD., )
                                                       )
               Defendant. )

**MEMORANDUM AND ORDER APPROVING
SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Before the Court is Plaintiff's Unopposed Motion for Settlement Approval (Doc. #42), which seeks the Court's approval of the Settlement Agreement and Release of All Claims. For the reasons stated below, the motion is granted.

**I. BACKGROUND**

1. On or about April 16, 2020, Plaintiff Roger Jones ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, filed suit in the Circuit Court of Greene County, State of Missouri, on behalf of himself and all other similarly situated hourly-paid security officers at Defendant Brosnan Risk Consultants, Ltd. ("Defendant"), alleging that Defendant failed to timely pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("FLSA"). The FLSA claim was brought as an "opt-in" collective action under 29 U.S.C. § 216(b).

2. On or about March 15, 2020, Defendant removed the entirety of the state court action to the United States District Court for the Western District of Missouri, Southern Division. Following removal to this Court, the case was designated as Case No. 6:20-cv-03143-SRB and

styled, *Roger Jones, on his own behalf and on behalf of all others similarly situated v. Brosnan Risk Consultants, Ltd.*

3. On June 13, 2020, Plaintiff, on his own behalf and on behalf of all others similarly situated, filed a First Amended Collective Action Complaint ("Complaint") under the FLSA against Defendant.

4. On September 14, 2020, Defendant filed an Answer and Affirmative Defenses in response to Plaintiff's Complaint, denying all wrongdoing and liability for damages with regard to Plaintiff, and those similarly situated to him, and asserting various affirmative defenses.

5. On September 30, 2020, the parties attended mediation with court-approved mediator Ron Mitchell, and the parties reached an agreement to resolve the claims asserted by Plaintiff against Defendant.

6. On November 9, 2020, Plaintiff filed the instant Unopposed Motion for Settlement Approval, which seeks the Court's approval of the Settlement Agreement and Release of all Claims.

## II. LEGAL STANDARD

Courts have held that purely private settlements of FLSA claims are unenforceable. *See, e.g., Shackleford v. Cargill Meat Solutions,* No. 12-cv-4065, 2013 WL 209052 at *2–*3 (W.D. Mo. Jan. 17, 2013); *accord Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Therefore, wage claims arising under the FLSA can be settled in one of two ways. First, 29 U.S.C. § 216(c) authorizes the Secretary of Labor to supervise payment of unpaid wages owed to employees. Second, in a private action under 29 U.S.C. § 216(b), a district court may approve a settlement reached as a result of contested litigation to resolve a bona fide dispute between the parties. *See Shackleford*, 2013 WL 209052 at *2–*3.

In considering the proposed settlement of a private action under § 216(b), a court must make two inquires. First, the court must determine if the settlement was the product of contested litigation. *See id.* Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *See id.* at *2 (citation omitted) (noting that courts entertaining a proposed settlement for a § 216(b) claim consider, *inter alia*: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.").

### III. DISCUSSION

#### A. The Proposed Settlement Is the Product of Contested Litigation.

As a threshold matter, the Court finds that the proposed settlement in this case is a product of contested litigation. Plaintiff filed this case alleging that Defendant failed to timely pay overtime compensation in violation of the FLSA. Following the removal of the state court action to this Court, Defendant filed an Answer and Affirmative Defenses in response to Plaintiff's Complaint, denying all liability to Plaintiff. The parties also engaged in discovery that included the production of documents and sworn answers to interrogatories. In addition, the parties participated in a full day of mediation. Counsel for both parties are experienced in FLSA litigation. The parties have also spent considerable time and energy analyzing the merits of the case and

discussing various issues implicated in the case. Accordingly, the Court finds the proposed settlement is the product of contested litigation between the parties.

### B. The Proposed Settlement Reflects a Fair and Reasonable Resolution of a Bona Fide Dispute Between the Parties Over FLSA Coverage.

The second prong of the Court's settlement approval inquiry focuses on two issues. First, a bona fide dispute must be shown. Second, the Court must scrutinize the proposed settlement to ensure it is fair and reasonable. The Court finds that the settlement agreement involves a fair and reasonable resolution of a bona fide dispute between the parties.

#### 1. A Bona Fide Dispute Between the Parties Existed.

Plaintiff's Complaint alleges that Defendant violated the FLSA by failing to timely Plaintiff for overtime hours worked. Plaintiff presented sworn interrogatory responses and documentary evidence which he claimed set forth Defendant's company policy of not timely compensating Plaintiff for overtime hours worked. Defendant denied that it had a company policy of failing to pay Plaintiff, and other security officers, for overtime hours worked. Defendant further denied that it failed to pay Plaintiff for overtime hours worked. Accordingly, the Court holds that there was a bona fide dispute between the parties throughout the pendency of this case.

#### 2. The Proposed Settlement Is Fair and Reasonable.

Courts may consider the following factors when determining whether a settlement in a FLSA case is fair and reasonable: (1) at what stage of the litigation the settlement was reached, and the complexity, expense, and likely duration of the remaining litigation; (2) how the settlement was negotiated, i.e., whether there are any indicia of collusion; (3) class counsel, the parties, and the class members' opinions about the settlement; and (4) whether the present value of the settlement outweighs the potential recovery after continued litigation. *See id.*; *see also Cooper v.*

*Integrity Home Care, Inc.*, No. 16-CV-1293, 2018 WL 3468372, at *2 (W.D. Mo. July 18, 2018) (citations omitted).

The Court finds that the settlement agreement is fair and reasonable to all parties. The settlement agreement was reached after negotiations between the parties. All parties involved have been represented by experienced counsel through litigation. The parties participated in mediation on September 30, 2020 with court-approved mediator, Ron Mitchell, which resulted in a settlement of Plaintiff's claims. The fairness of the process by which the proposed settlement was reached, therefore, further ensures a just outcome. The settlement agreement is viewed as fair and reasonable by both sides, and Plaintiff's counsel affirms that the settlement amounts offered to Plaintiff exceed the value of his claim. Accordingly, the Court holds that the settlement agreement is fair and reasonable.

### 3. The Proposed Attorney's Fee Award is Reasonable.

"Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation . . . to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citations and quotation marks omitted); *see also* 29 U.S.C. § 216(b) (noting that, under the FLSA, courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Generally, "[t]he amount of the fee . . . must be determined on the facts of each case," and "[i]t remains for the district court to determine what fee is reasonable." *Hensley*, 461 U.S. at 429, 433 (citations and quotation marks omitted).

Here, Plaintiff's counsel did not submit billing records detailing the amount of time expended on the case. The Court notes that Plaintiff's attorneys have undertaken substantial

motion practice, extensive discovery, negotiations with opposing counsel, and participation in mediation. The Court is particularly qualified to determine that based upon these considerations, the claimed attorney fee is appropriate. Further, the parties, including Defendant, Plaintiff's counsel, and Plaintiff, have all agreed to the amount of the fees and costs—making this an ideal settlement from the perspective of the United States Supreme Court. *See Hensley*, 461 U.S. at 437 ("A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). Accordingly, the Court finds that the proposed attorney's fees award is reasonable based on the amount of time and effort expended on this case.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Unopposed Motion for Settlement Approval (Doc. #42) is GRANTED. As all matters in this action have been settled and resolved, it is **FURTHER ORDERED** that this case be dismissed with prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 23, 2020